[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO OPEN JUDGMENT
CT Page 11333
In this action, which bears a return date of November 8, 1994, the plaintiff alleges breach of contract, unjust enrichment and bad faith and breach of the covenant of good faith and fair dealing. Having filed their appearance on November 11, 1904, the defendants, on December 15, 1994, moved for a sixty-day extension of time within which to plead. The plaintiff, while agreeing to an extension of thirty days, filed a written objection to a sixty-day extension. No court action, however, was either sought or taken on either the motion or the objection thereto.
No additional pleadings of any kind having been filed by the defendants, the plaintiff moved on February 23, 1995 for a default for failure to plead, which motion was granted by the clerk on the same date. On March 6, 1995, the plaintiff claimed the case to the hearing in damages list, noting that the matter was privileged pursuant to General Statutes § 49-42a.
On March 27, 1995, the defendants filed their first motion to open (No. 105). As grounds for this motion, the defendants stated only the following:
 "Defendants respectfully represent that this matter involves a construction claim of $181,000 by the plaintiff and will involve offsets/counterclaim of some $275,000 by the defendants. Defendants will file a responsive pleading upon the opening of the default as it has taken some time to put together the various aspects of this construction matter which is quite voluminous."
At oral argument on the motion to open[1], the defendants explained further that although it was their intention to file a counterclaim, they were not able to do so until they had obtained relief from the bankruptcy stay which had been entered by Judge Schiff in Ardmere's bankruptcy proceeding. They offered no convincing explanation[2], however, for their failure to file any other kind of responsive pleading or a further motion for extension of time explaining their difficulties. (The initial motion for extension of time did not mention the bankruptcy proceeding, which had been filed some nine months prior to the institution of the present litigation.) After hearing argument and reviewing the file, the court concluded that the defendants had failed to establish good cause for setting aside the default, and it therefore denied this motion on April 9, 1995. CT Page 11334
The defendants then filed a motion to reargue the motion to open default (No. 108). The text of this motion states only:
 "Defendants respectfully requests [sic] reargument on the Motion to Open Default dated March 24, 1995 recently decided. Plaintiff identified cases at argument which differ almost 100% from the facts of this case and the Court did not have the benefit of opposing argument."
No substantial grounds for reargument having been recited by the defendants, the court denied this motion to reargue on the papers pursuant to Practice Book § 204B(c).
Simultaneously with the motion to reargue (No. 108), the defendants had filed numerous other pleadings, including a notice of intention to appeal, disclosure of defense, answer, special defenses and setoffs, and a Practice Book § 367 notice re hearing in damages. They also filed another motion to open default pursuant to Practice Book § 376 (No. 112) along with an accompanying affidavit and memorandum of law.
The text of the latter motion to open default reads as follows:
 Practice Book § 376 provides the court may set aside a default where no judgment has been rendered for good cause shown upon such terms as it may impose. As part of its order the court may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. Defendants submit they have good defenses, setoffs and a good counterclaim(s) to the plaintiff's claim, that the defendants will assert its defenses, setoffs and counterclaim(s) but must first obtain relief from stay in the bankruptcy court to be able to plead the counterclaim and there is good cause to set aside the default. Defendants submit an affidavit and memorandum of law with this motion.
Because this motion was essentially duplicative of the one decided on April 9, 1995, the court denied it as moot.
On July 3, 1995, the defendants filed yet another motion to reargue (No. 121) seeking to reargue the motion to open default pursuant to Practice Book § 376 (No. 112) which the court had denied as moot on June 8, 1995 and/or to grant an accompanying CT Page 11335 renewed motion to open (No. 122). In particular, the defendants complained that the court should have read its motion to reargue (No. 108) and its renewed motion to open (No. 112), along with its accompanying memorandum of law and affidavit, as a single unit and considered the arguments raised in the motion to open and memorandum of law in deciding the motion to reargue.
The court notes that the original motion to reargue provided no new specific grounds upon which the argument ought to have been granted. Recognizing, however, that the defendants may well have anticipated that the court would, despite implications to the contrary in the renewed motion to open[3], view the motion to open and accompanying memorandum of law in conjunction with the motion to reargue, this court granted the second motion to reargue that had been filed on July 3, 1995 (No. 121). The court recognized that the consequences of denial of the motion to open the default are severe and that the interests of justice would better be served by permitting full argument to be heard. Both parties thereupon fully presented their views in open court.
Practice Book § 363a provides that a default for failure to plead after the filing of a claim to the hearing in damages list "may be set aside only by the court". The rule itself provides no indication of the standards which the court ought to apply in deciding whether to set aside. Presumably, however, this rule at least incorporates the minimal provisions of § 376 of the Practice Book, which permits the court to open defaults where judgment has not been rendered "for good cause shown upon such terms as it may impose." The Rule further allows the court to "extend the time for filing pleadings or disclosure in favor of a party who has not been negligent."
As best as can be determined from the various pleadings on this issue and the statements of defense counsel at oral argument, the "good cause" proposed by the defendants may be summarized as follows:
1) The plaintiff's complaint is complex, detailing five counts and four exhibits comprising over one hundred pages;
2) Defendants had assumed, based on some informal conversations with plaintiff's counsel and the failure of plaintiff's counsel to pursue its written objection to defendant's motion for extension of time within which to plead, that the plaintiff was acquiescing in the defendants' delay in CT Page 11336 closing the pleadings; and
3) Among the pleadings the defendants sought to file was a counterclaim, which, given the plaintiff's bankruptcy status, the defendants could not file until they had obtained relief from stay from the bankruptcy court.
As to the first of these, the court has reviewed the plaintiff's complaint and has found that, on its face, it is not particularly complex. The exhibits, which relate to the contracts, invoices and payments in this matter, are indeed lengthy, but not to the extent that, nearly four months after the date on which they had filed their appearance[4], a response could not reasonably have been framed to the complaint itself.
As to the second argument, no credible evidence was presented as to the existence of anything that could be called an informal agreement among the parties for an extension of time through mid-February of 1995, and, in the absence of any action on the defendants' formal motion for such an extension, there was surely no court-sanctioned extension. A party which seeks to rely on the mere hope that the opposing party will not seek to enforce the time limitations set forth within the Practice Book does so at its own peril.
As to the bankruptcy issue, the court notes that in its notice of bankruptcy (No. #107) filed on April 20, 1995, the defendants recite that the plaintiff filed its Chapter 11 bankruptcy petition in the bankruptcy court in Bridgeport on February 28, 1994. There is no claim that the defendants were unaware of the plaintiff's status at the time that this action was commenced. The defendants have not offered a convincing explanation as to why, given their knowledge of plaintiff's bankruptcy status, they should be excused from their obligations to respond to the plaintiff's complaint in a timely fashion.
It is difficult to escape the conclusion that the defendants' strategy for dealing with the plaintiff's complaint was simply to ignore it. When the plaintiff decided not to acquiesce in this strategy, it obviously caught the defendants by surprise. The defendants equally obviously concluded that they would have plenty of time within which to cure the default granted by the clerk on February 23, 1995 by filing a pleading, and they failed to consider that the plaintiff would move promptly for a hearing in damages, thereby requiring the defendants to attempt to CT Page 11337 justify their efforts to open the default.
The defendants have now tried three times to justify their position, first with the initial motion to open default, then with their combined package of the motion to reargue and renewed motion to open, and now again with the argument made upon the granting of the second motion to reargue. Their feeble arguments to the contrary notwithstanding, the court is left with the conclusion that the defendants simply decided to ignore the plaintiff and its complaint. That kind of tactical decision normally ought not be a valid basis for the granting of a motion to open a default.
Nevertheless, balancing these considerations against the fact that the plaintiff claimed its hearing in damages only two weeks after the default, and recognizing the harshness to the defendants of the result that would ensue if the default is not vacated, this court has concluded that the interests of justice are best served by granting the motion to open under the following conditions:
1) In accordance with Practice Book § 376, which permits the court to set aside a default "under such terms as it may impose", the default will be vacated upon the defendants' having first paid to the plaintiff a sum which compensates it for its reasonable attorneys fees and costs in connection with the initial motion for default, the claim to the hearing in damages list and all proceedings relating to the defendants' efforts to open the default. If the parties are not able to agree on such an amount, they are invited to file an appropriate motion and affidavits and to claim the matter for short calendar argument. Upon the resolution of such a motion, or upon the prior filing by the plaintiff of a document indicating that this portion of the court's order has been complied with, the Clerk will be ordered to open the default.
2) Upon the receipt of notice of the setting aside of the default, the defendants shall then file a responsive pleading within ten days. The failure to comply with this order will subject the defendants to further sanctions.
3) If the above orders fail to move this case promptly towards resolution, either party may request a status conference with the court, at which time a more detailed scheduling order will be considered. CT Page 11338
Jonathan E. Silbert, Judge